FILED
CLERK
3:44 pm, Jul 27, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PRINCE LINDOW,

            Plaintiff,

   -against-                             **MEMORANDUM AND ORDER**

METROPOLITAN REALTY GROUP, LLC,           19-CV-2021 (GRB) (RML)
*et ano.*,

            Defendants.
-----------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

In this Fair Labor Standards Action (FLSA) action, the Court and the parties agreed to resolve a single issue, which represents the lion's share of this case: whether plaintiff, who previously worked for defendants as a building superintendent and resided in the subject building (having been provided an apartment as part of his compensation) is entitled to round-the-clock compensation as a result of being on-call for emergency situations that might arise outside of his normal workday. DE 66.

This motion for partial summary judgment is decided under the oft-repeated and well-understood standard for review for these matters, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211–12 (E.D.N.Y. 2015), *aff'd,* 643 F. App'x 54 (2d Cir. 2016), which discussion is incorporated by reference herein. In sum, the question before the Court is whether, based upon the undisputed or improperly disputed facts, the defendants are entitled to partial summary judgment. Moreover, as this Court has previously held:

> [T]o oppose a motion for summary judgment, a party is required by the Court's Local Rules to submit a Statement of Material Facts upon which it contends there "exists a genuine issue to be tried" and "each statement controverting any statement of material fact ... must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L. Civ. R. 56(d); *Tuccio*

1

*v. FJC Sec. Servs., Inc.*, No. CV 12-5506(JFB)(GRB), 2014 WL 4438084, at *5 (E.D.N.Y. Aug. 18, 2014), *adopted by,* 2014 WL 4438469 (E.D.N.Y. Sept. 8, 2014), *appeal dismissed,* (2d Cir. Mar. 18, 2015). A party may not rest on a mere denial without citing supporting admissible evidence. "Merely denying certain statements in the moving party's statement of undisputed material facts without stating the factual basis for such denial and without disclosing where in the record is the evidence relied upon in making such denial does not constitute a 'separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried'—as is required to controvert the moving party's statement of undisputed material facts." *Covelli v. Nat'l Fuel Gas Distrib. Corp.,* 2001 WL 1823584, at *1 (W.D.N.Y. Dec. 6, 2001) (citing *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001)), *aff'd, Covelli v. Nat'l Gas Distrib. Corp.*, 49 F. App'x 356 (2d Cir. 2002).

Upon the failure to properly controvert a movant's statement of material fact, such statement "will be deemed admitted for the purposes of the motion." L. Civ. R. 56.1(c); *D.N. ex rel. D.N. v. Bd. of Educ. of Ctr. Moriches Union Free Sch. Dist.*, No. CV 14-99(GRB), 2015 WL 5822226, at *3 n.3 (E.D.N.Y. Sept. 28, 2015); *see also Edmonds v. Seavey*, No. 08 CIV. 5646 (HB), 2009 WL 2949757, at *1 n.2 (S.D.N.Y. Sept. 15, 2009), *aff'd,* 379 F. App'x 62 (2d Cir. 2010); *AFL Fresh & Frozen Fruits & Vegetables, Inc. v. De-Mar Food Servs. Inc.*, No. 06 Civ. 2142(GEL), 2007 WL 4302514, at *5 (S.D.N.Y. Dec. 7, 2007). Again, district courts have "broad discretion to determine whether to overlook a party's failure to comply with local court rules," *Holtz,* 258 F.3d at 73, and the Court may not rely solely upon the failure to controvert assertions made in a Rule 56.1 statement if those assertions are not supported in the record. *See Giannullo*, 322 F.3d at 140 ("[E]ven though plaintiff's Rule 56.1 counter-statement failed to specifically controvert these assertions, the unsupported assertions must nonetheless be disregarded and the record independently reviewed."); *but see Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014) (distinguishing *Giannullo* and upholding default where "each statement of proposed undisputed facts was supported by a citation to the record sufficient to prove each such fact").

*Davis v. Town of Hempstead*, No. 14-CV-903 (JMA)(GRB), 2019 WL 235644, at *3 (E.D.N.Y. Jan. 16, 2019). Few facts are effectively disputed here.

Several authorities bear upon plaintiff's effort to recover allegedly unpaid straight-time and overtime hours due to purported standby status of "seven days a week for 24 hours each day." DE 58 ¶ 132; DE 66 at 10:20-22 (plaintiff seeking "a 24/7 damage calculation"). For example, 29 C.F.R. § 785.17 provides that "an employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may

be reached is not working while on call." The determination is fact-sensitive, as "[t]ime spent at home on call may or may not be compensable depending on whether the restrictions placed on the employee preclude using the time for personal pursuits." 29 C.F.R. § 553.221(d). That section explains:

> Where, for example, an employee in fire protection activities has returned home after the shift, with the understanding that he or she is expected to return to work in the event of an emergency in the night, such time spent at home is normally not compensable. On the other hand, where the conditions placed on the employee's activities are so restrictive that the employee cannot use the time effectively for personal pursuits, such time spent on call is compensable.

*Id.*

These rules become slightly more difficult to apply where, as here, plaintiff resides at defendants' facility. Plaintiff relies heavily upon a similar district court decision in *Moon v. Kwon*, 248 F. Supp. 2d 201 (S.D.N.Y. 2002). Plaintiff's counsel claims that this case stands for the proposition that "inactive time constitutes 'work' time under the FLSA—even if 'the employee is allowed to leave the premises or the job site during such periods of inactivity.'" DE 63 at 1 (quoting *Moon*, 248 F. Supp. 2d at 229). In fact, a careful reading of Moon indicates that the case largely undermines plaintiff's position, as it held:

> [T]he Court does not find Moon to have been "on duty" during the night-time hours except when required to answer emergency calls—which the Court finds to have taken place only three times per month on average. The fact that Moon was present in the hotel during the periods of inactivity in between his night-time calls does not mean that he was "on duty" during those intervals, since as the Court already has found, the hotel was Moon's home during much of the period in question. It necessarily follows that except when called upon to perform lengthy night-time tasks—which are already accounted for in the Court's finding that on average Moon's night-time tasks required one hour of his time—the time Moon spent in the hotel was not time spent "primarily for the benefit of the employer and his business.

*Id.* at 229-30.

3

In this case, while plaintiff provides no specific evidence concerning the amount of time consumed by emergency calls, the undisputed evidence shows that other similarly situated employees testified that such events arose, at most, once a week, and sometimes did not occur for months.  DE 51-1 ¶¶ 188-194.  Like the plaintiff in *Moon*, defendant (plus one or more family members) resided at the defendants' facility and was rarely called upon to undertake such tasks, which often could be resolved in minutes.  *Id.* ¶¶ 197-201.  Moreover, the record reflects that plaintiff was, in fact, paid overtime when he engaged in such work, even when he neglected to "clock in" as required.  *Id.* ¶¶ 210-220; DE 66 at 9:1-3.

The parties dispute the amount of flexibility plaintiff had in terms of leaving the facility: plaintiff's supervisor testified that he was free to leave the facility, provided management was notified.  DE 61 at 3-4.  Meanwhile, in a vaguely-worded declaration, plaintiff asserts that he was "told that I could not be too far from my assigned building."  DE 57 ¶ 9.  This putative dispute turns out to be non-material, however, as the undisputed evidence demonstrates that the burdens of after-hours work in this case were sufficiently *de minimus* such that the so-called standby time cannot reasonably be characterized as "primarily for the benefit of the employer and his business."  *See Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers*, 971 F.2d 347, 350 (9th Cir. 1992) (quoting *Armour & Co. v. Wantock*, 323 U.S. 126, 132 (1944)).

Thus, defendants are entitled to partial summary judgment on plaintiff's wage claims relating to standby time.  This does not fully resolve the matter, as there may be several (though far more modest) claims that remain.  Counsel shall meet and confer and file a joint status report within two weeks of the date of this Order.

**SO ORDERED.**

Dated:  July 27, 2023
      Central Islip, New York

/s/ Gary R. Brown
**GARY R. BROWN**
**UNITED STATES DISTRICT JUDGE**