UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PRINCE LINDOW,

                Plaintiff,

    -against-

METROPOLITAN REALTY GROUP, LLC,
*et ano.*,

               Defendants.
----------------------------------------------------------------X

FILED
CLERK
1:04 pm, Jun 28, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM OF DECISION AND ORDER**

19-CV-2021 (GRB)(RML)

**GARY R. BROWN, United States District Judge:**

      Having resolved the principal issue in this Fair Labor Standards Action ("FLSA") action, to wit: whether plaintiff, a building superintendent, was entitled to round-the-clock compensation for being on-call for emergency situations that might arise outside of his normal workday, *see Lindow v. Metro. Realty Grp., LLC*, No. CV 19-2021 (GRB)(RML), 2023 WL 4827252 (E.D.N.Y. July 27, 2023) ("*Lindow I*"), defendants now move for summary judgment concerning the remaining issues in the case. Familiarity with *Lindow I*, incorporated herein by reference, is assumed. For the reasons that follow, defendants' motion is granted in part and denied in part.

      This motion for summary judgment is decided under the oft-repeated and well-understood standard for review for these matters, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211–12 (E.D.N.Y. 2015), *aff'd,* 643 F. App'x 54 (2d Cir. 2016), which discussion is incorporated by reference herein. In sum, the question before the Court is whether, based upon the undisputed or improperly disputed facts, the defendant is entitled to summary judgment. On this motion, few facts are in dispute: of the 233 paragraphs in defendants' Rule 56.1 statement, plaintiff admits all but 22 of them.

As to the remainder, questions arise as to whether plaintiff properly disputed these contentions. Plainly, counsel was aware of the requisites here, as the Court set forth the standards in *Lindow I*:

> [T]o oppose a motion for summary judgment, a party is required by the Court's Local Rules to submit a Statement of Material Facts upon which it contends there "exists a genuine issue to be tried" and "each statement controverting any statement of material fact ... must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L. Civ. R. 56(d); *Tuccio v. FJC Sec. Servs., Inc.,* No. CV 12-5506(JFB)(GRB), 2014 WL 4438084, at *5 (E.D.N.Y. Aug. 18, 2014), *adopted by*, 2014 WL 4438469 (E.D.N.Y. Sept. 8, 2014), *appeal dismissed*, (2d Cir. Mar. 18, 2015). A party may not rest on a mere denial without citing supporting admissible evidence. "Merely denying certain statements in the moving party's statement of undisputed material facts without stating the factual basis for such denial and without disclosing where in the record is the evidence relied upon in making such denial does not constitute a 'separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried'—as is required to controvert the moving party's statement of undisputed material facts." *Covelli v. Nat'l Fuel Gas Distrib. Corp.*, 2001 WL 1823584, at *1 (W.D.N.Y. Dec. 6, 2001) (citing *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001)), *aff'd*, *Covelli v. Nat'l Gas Distrib. Corp.*, 49 F. App'x 356 (2d Cir. 2002).
>
> Upon the failure to properly controvert a movant's statement of material fact, such statement "will be deemed admitted for the purposes of the motion." L. Civ. R. 56.1(c); *D.N. ex rel. D.N. v. Bd. of Educ. of Ctr. Moriches Union Free Sch. Dist.*, No. CV 14-99(GRB), 2015 WL 5822226, at *3 n.3 (E.D.N.Y. Sept. 28, 2015); *see also Edmonds v. Seavey*, No. 08 CIV. 5646 (HB), 2009 WL 2949757, at *1 n.2 (S.D.N.Y. Sept. 15, 2009), *aff'd*, 379 F. App'x 62 (2d Cir. 2010); *AFL Fresh & Frozen Fruits & Vegetables, Inc. v. De-Mar Food Servs. Inc.*, No. 06 Civ. 2142(GEL), 2007 WL 4302514, at *5 (S.D.N.Y. Dec. 7, 2007). Again, district courts have "broad discretion to determine whether to overlook a party's failure to comply with local court rules," *Holtz*, 258 F.3d at 73, and the Court may not rely solely upon the failure to controvert assertions made in a Rule 56.1 statement if those assertions are not supported in the record. *See Giannullo*, 322 F.3d at 140 ("[E]ven though plaintiff's Rule 56.1 counter-statement failed to specifically controvert these assertions, the unsupported assertions must nonetheless be disregarded and the record independently reviewed."); *but see Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014) (distinguishing *Giannullo* and upholding default where "each statement of proposed undisputed facts was supported by a citation to the record sufficient to prove each such fact").

*Lindow I*, 2023 WL 4827252, at *1 (quoting *Davis v. Town of Hempstead*, No. 14-CV-903

(JMA)(GRB), 2019 WL 235644, at *3 (E.D.N.Y. Jan. 16, 2019)). In several instances, plaintiff flatly fails to comply with these requisites. *See, e.g.*, Docket Entry ("DE") 58 ¶¶ 146–47 (attempting to categorize assertions as "legal argument"); ¶ 206 (counsel "leave[s] it to the Court to reach their [sic] determination as how to best interpret Defendant's time records"); ¶¶ 219, 233 (denial based on spreadsheet prepared by counsel without clear evidentiary support). All of plaintiff's remaining denials are predicated entirely upon a post-discovery declaration created by plaintiff. *Id.* ¶¶ 55-56, 60, 62, 67-69, 128, 171, 182–83, 222, 229.

On this motion, plaintiff submits a post-discovery declaration designed to raise or supplement the following purported issues of material fact to defeat summary judgment: (1) plaintiff was required to perform unpaid work during his lunch breaks; (2) defendants' failure to honor an agreement to provide him with an apartment; and (3) wage claims arising from allegations that defendants' time clock did not work properly. *See generally* DE 57. With respect to the meal break claims, though, this declaration runs contrary to the sworn testimony provided by plaintiff during his deposition. For example, in the declaration he avers that "it would not be unusual for me *to have to* leave in the middle of my lunch break to perform job duties on behalf of Defendants." *Id.* ¶ 7 (emphasis added). However, at his deposition, he testified that performing such work was discretionary. DE 56 at 135 ("I was not forced but asked."). In his declaration, plaintiff also avers that his "meal breaks were frequently interrupted with emails," and got frequent emails from defendants after hours, DE 57 ¶¶ 5, 11, but had testified at deposition that he "never" used email to communicate with supervisors or other company employees. DE 56 at 115. In other instances, plaintiff raises disputes that are simply immaterial. *See, e.g.*, DE 57 ¶ 19 (attempting to controvert defendants' assertion that plaintiff's family occupied a company-owned apartment by stating "[o]nly my niece stayed in my downstairs basement apartment").

3

This raises the specter of the sham affidavit doctrine. As the Second Circuit has held:

> [I]t is well established in this circuit that a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony. If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact. Thus, factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not "genuine" issues for trial.

*Kennedy v. City of New York*, 570 F. App'x 83, 84 (2d Cir. 2014) (quoting *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir.1996)). Here, as to the primary issue plaintiff seeks to create—that is, a purported requirement that he work during lunch breaks—the averments of the declaration are fundamentally controverted by plaintiff's deposition testimony. Thus, as concerns the meal break work allegations, plaintiff has submitted a sham declaration. Given that these allegations are supported by no other evidence in this extensive record, defendants are entitled to summary judgment on this issue.

Plaintiff persists in a claim of an oral agreement by defendants to provide him with an apartment incident to his position as a building superintendent. However, given that the parties entered a written employment contract that did not so provide, this claim fails as "evidence of a prior oral agreement that modifies the terms of the agreement is excluded by the parol evidence rule." *Stamelman v. Fleishman-Hillard, Inc.*, No. 02 CIV. 8318 (SAS), 2003 WL 21782645, at *3 (S.D.N.Y. July 31, 2003). Plaintiff makes a half-hearted attempt to raise a "travel time" claim, yet is unable to even provide an estimate about what period of time this would apply to. *See* DE 56 at 91-112. Further, counsel's effort to raise an issue regarding the accuracy of plaintiff's wage statements proves misguided as plaintiff has failed to adequately controvert defendants' contention that he "was provided with accurate wage statements following each pay period." DE 51-1 ¶ 233. Thus, defendant is entitled to summary judgment as to these additional issues.

4

The sole remaining question, then, is whether plaintiff has a claim based on the alleged malfunctioning of defendants' timeclock. Particularly considering plaintiff's vague and inconsistent testimony, this claim remains dubious and potentially of negligible economic value.[1] However, drawing inferences in the non-movant's favor, the Court finds that there is a sufficient question that summary judgment must be denied. *See* DE 51-1 ¶ 56 (defendants acknowledge periods of "gaps" in clock-in and clock-out times). Thus, defendants' motion is granted in all respects except as to the issue of a wage deficiencies arising from alleged malfunctions with the subject timeclock.

Counsel should be prepared to proceed to trial on short notice.

**SO ORDERED.**

Dated: June 28, 2024
       Central Islip, New York

/s/ Gary R. Brown
GARY R. BROWN
UNITED STATES DISTRICT JUDGE

---

[1] Notably, on this motion, plaintiff concedes that the timeclock functioned accurately for other employees, just not for him. DE 51-1 ¶¶ 156, 159, 163-65, 168–69. At his deposition, plaintiff posited that defendant prepared "artificial" records in connection with his pay. DE 56 at 148.